

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TRANSCONTINENTAL GAS PIPE LINE )
COMPANY, LLC,                  )
                               )
         Plaintiff,            )
                               )
v.                             )  Civil Action No.: 3:14-cv-00407-HEH
                               )
A permanent easement totaling 0.799 acres, )
more or less, and temporary easements      )
totaling 0.763 acres, more or less, over a )
parcel of land in Brunswick County,        )
Virginia of approximately 27.00 acres in   )
size, as more particularly described herein, )
*et al.*,                      )
                               )
         Defendants.           )

## MEMORANDUM OPINION
(Granting Plaintiff's Motion for Summary Judgment)

This action stems from an expansion effort by Plaintiff Transcontinental Gas Pipe Line Company, LLC ("Transco") to build nearly 100 miles of interstate natural gas pipeline throughout Virginia's Southside region. The case is before the Court on Transco's Motion for Summary Judgment (ECF No. 41). For the reasons stated herein, Transco's Motion will be GRANTED.

## BACKGROUND

1. Transco is a natural gas pipeline company subject to regulation by the Federal Energy Regulatory Commission under the Natural Gas Act ("NGA" or "the Act"), codified at 15 U.S.C. §§ 717-717z. On November 21, 2013, the Federal Energy Regulatory Commission ("FERC") issued Transco a Certificate of Public Convenience

and Necessity ("FERC Certificate"). *See Transcontinental Gas Pipe Line Co. LLC*, 145 F.E.R.C. P 61152, 2013 WL 6137661 (Nov. 21, 2013). In accordance with the FERC Certificate, Transco intends to build nearly 100 miles of a new 24-inch interstate natural gas pipeline ("Virginia Southside Expansion Project" or "the Project") in multiple states. (Complaint, ECF No.1, at ¶¶ 12, 14.) The Project will allow Transco to transport natural gas from a "pooling point" in New Jersey to a new natural gas-fired power station that a Dominion Virginia Power ("DVP") affiliate is building in Brunswick County, Virginia. *Transcontinental Gas*, 2013 WL 6137661, at *4.

2. By Order entered on August 7, 2014 (the "August 7th Order," ECF No. 39), the Court granted Transco's Motion for Partial Summary Judgment (ECF No. 17) and Motion for Preliminary Injunction (ECF No. 19), and included a detailed description of the Project which is incorporated by reference into this Memorandum Opinion. (*See* August 7th Order at ¶¶ 7–15.)

3. Transco filed the Complaint in this action and Notices of Condemnation (ECF Nos. 3-15) on June 5, 2014 to condemn certain easements necessary for the Project over a parcel of real property in Brunswick County, Virginia in which the Defendants have an interest. That real property is described as follows:

> All that certain tract or parcel of land situate and being in Totaro Magisterial District, Brunswick County, Virginia, containing 27 acres, more or less, shown as Lot #4, on a plat made by W. Brooke Price, dated December, 1961, and recorded in the Clerk's Office of the Circuit Court of Brunswick County, Virginia, in Plat Book 3, Page 88.
>
> AND BEING the same property conveyed to Lee Callis from Leonard Callis and Esther Callis, Homer Callis, Jr. and Clara

> Callis, Betty Callis Foster and Billy Foster, Pattie Callis Robertson and Willie Robertson, and Lee Callis and Frances Callis by Deed of Partition dated December 16, 1961 and recorded August 16, 1963 in Deed Book 146, Page 506; AND FURTHER CONVEYED to Roy L. Harrison, Margaret V. Matthews, Gwendolyn Pittman, Phyllis D. Robertson, Charlotte F. Vander'pol, James L. Callis and Rose M. Harrison from Frances Elizabeth Callis by Deed of Gift dated December 17, 2001 and recorded December 20, 2001 in Instrument No. 010002931; AND FURTHER CONVEYED to Roy L. Callis, Margaret V. Matthews, Gwendolyn Pittman, Phyllis D. Robertson, Charlotte F. Vander'pol, James L. Callis and Rose M. Harrison from Frances Elizabeth Callis by Deed of Correction dated January 18, 2002 and recorded January 28, 2002 in Instrument No. 020000234

(*See* August 7th Order at ¶ 1 (the "Property").)

4. Transco seeks to condemn a permanent easement, 50 feet in width, over a 0.799 acre portion of the Property (the "Permanent Easement"), and two temporary construction easements over 0.763 acres of the Property ("Temporary Construction Easements"). The Permanent Easement, which is necessary for the construction and operation of a portion of the Project's new 24-inch natural gas pipeline, is described as "Area of Proposed Right of Way" in the Survey Plat prepared by a Certified Virginia Land Surveyor ("Survey Plat"). (Compl., Ex. B thereto.) A legal description of the Permanent Easement is included with the Survey Plat. A copy of the Survey Plat is attached to this Memorandum Opinion as Exhibit No. 1. The terms and conditions of the Permanent Easement are set forth in Exhibit C to the Complaint, a copy of which is attached to this Memorandum Opinion as Exhibit No. 2. The Temporary Construction Easements, which Transco requires for use as work space during the Project, are shown and described on the Survey Plat as "Area of Temporary Work Space No. 1" (0.368

acres) and "Area of Temporary Work Space No. 2" (0.395 acres). Legal descriptions of the Temporary Construction Easements are included with the Survey Plat. The terms and conditions of the Temporary Construction Easements are set forth in Exhibit D to the Complaint, a copy of which is attached to this Memorandum Opinion as Exhibit No. 3.

5. In the August 7th Order, the Court found that all Defendants were properly served, and that no Defendant filed an Answer or Notice of Appearance as required by Fed. R. Civ. P. 71.1(e). (August 7th Order at ¶ 4.) Additionally, the Court held that Transco has the substantive legal right to condemn the Permanent Easement and the Temporary Construction Easements pursuant to 15 U.S.C. § 717f(h). (*Id.* at 12, ¶ (3).) Lastly, the Court determined that only one owner of the Property, Defendant James Earl Pittman, Jr. ("Mr. Pittman"), is entitled to an award of just compensation in this action, as all other Defendant owners consented in writing to Transco's acquisition of the easements at issue and received full compensation for their consent. (*Id.* ¶ 3.)

6. Pursuant to the August 7th Order, on August 15, 2014, Transco deposited the sum of $11.73 into the registry of the Court (the "Deposit") as security for the preliminary injunction that authorized Transco to take immediate possession of the Permanent Easement and Temporary Construction Easements. (*See* Mem. Supp. Mot. for Summ. J., ECF No. 42, Ex. B. thereto.) The Court found that this sum represented Mr. Pittman's proportionate share of the $650.00 fair market value of these easements as determined by a Certified Virginia Real Estate Appraiser. (*Id.* at ¶ 32.)

7. Thus after entry of the August 15 Order, there remained only two considerations for the Court: (1) determine the just compensation owing to Mr. Pittman

4

for Transco's condemnation of the Permanent Easement and Temporary Construction Easements; and (2) vest legal title to these easements in Transco.

8. On September 12, 2014, Transco filed a Motion for Summary Judgment and *Roseboro v. Garrison* Notice to any *Pro Se* Defendants who might respond together with a supporting Brief. Transco's Motion requests that the Court enter summary judgment as a matter of law on the remaining two issues in this case. As no Defendant has responded to Transco's Motion, and because the time for any response has expired, this matter is now ripe for disposition.

## STANDARD OF REVIEW

9. Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c).

10. "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Celotex Corp.*, 477 U.S. at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former

Fed.R.Civ.P. 56(c) and 56(e) (1986)). "If a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may ... consider the fact undisputed for purposes of the motion." Fed.R.Civ.P. 56(e)(2).

11. In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *U.S. v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Nevertheless, the nonmoving party cannot "'create a genuine issue of material fact through mere speculation or the building of one inference upon another.'" *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

## ANALYSIS

12. The appropriate measure of compensation is the fair market value of the property as of the date of the taking. *See U.S. v. Miller*, 317 U.S. 369, 374, 63 S.Ct. 276, 87 L.Ed. 336 (1943); *see also Columbia Gas Transmission Corp. v. Rodriguez*, 551 F. Supp. 2d 460, 462 (W.D. Va. 2008) (citing *U.S. v. Petty Motor Co.*, 327 U.S. 372, 377–78 (1946)) (holding that "'[m]arket value,' rather than the value to the condemnor or the owner, is the proper measure of just compensation."). The landowner bears the burden of proving the value of the land taken. *U.S. v. 69.1 Acres of Land*, 942 F.2d 290, 292 (4th Cir. 1991) (citing *U.S. ex rel. TVA v. Powelson*, 319 U.S. 266, 274, 63 S.Ct. 1047, 87 L.Ed. 1390 (1943)).

13. Transco is the only party to present any evidence establishing the fair market value of the Permanent Easement and Temporary Construction Easements. Despite abundant time to do so, no Defendant has presented any evidence as to fair

market value, nor has any defendant objected to or opposed the evidence provided by Transco. Under Local Civil Rule 7(K)(2) and Fed. R. Civ. P. 56(e), the Court is entitled to, and hereby shall, consider Transco's Motion for Summary Judgment to be unopposed, accept as true and correct the facts asserted in both the Motion and supporting brief, declaration, and documentary evidence, and rule on the papers without a hearing. *See Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) (recognizing that failing to respond to a summary judgment motion entitles the district court to treat the motion as unopposed and the facts stated therein as uncontroverted).

14. After reviewing the record, the Court concludes that there is no genuine issue as to any material fact, and Transco is entitled to summary judgment as a matter of law.

15. In support of its Motion, Transco presents a detailed Appraisal Report prepared by independent Certified Virginia Real Estate Appraisers that determines the fair market value of the Permanent Easement and the Temporary Construction Easements is $650.00. (*See* Mem. Supp. Mot. for Summ. J., Ex. A. thereto, Valbridge Property Advisors Appraisal Report ("Appraisal Report").) Considering both the breadth and quality of the Appraisal Report, the Court accepts the report's suggestion as to fair market value of the easements at issue. Particularly significant is the Appraisal Report's consideration of sales of comparable land within a reasonable time before the taking. (*Id.* at 1, 23–31.); *see U.S. v. 100.01 Acres of Land*, 102 Fed.Appx. 295, 298 (4th Cir. 2004) (unpublished) (explaining that the "best evidence" of fair market value is sales of comparable land within a reasonable time before the taking) (quoting *U.S. v. Whitehurst*, 337 F.2d 765, 775 (4th Cir. 1964).

16. As explained in the August 7th Order, Mr. Pittman is the only Defendant entitled to receive an award of just compensation, as all other Defendants received full compensation. (*See* August 7th Order at ¶ 3.) Accordingly, Mr. Pittman's share of the fair market must be in proportion to his individual ownership interest in the Property. Transco's evidence indicates that Mr. Pittman has a 1.8043% ownership interest in the Property. (*See* Mem. Supp. Mot. for Summ. J., Ex. A thereto, Declaration of Timothy Chastain, at ¶ 6.) Therefore, Mr. Pittman is entitled to a just compensation award of $11.73, which reflects his 1.8043% share of the $650 fair market value of the easements at issue. (*Id.*)

17. Transco deposited the sum of $11.73 with the Court in connection with the preliminary injunction previously granted in this action. (*See* Mem. Supp. Mot. for Summ. J., Ex. B thereto.) The Court finds that those funds should be deemed payment of the just compensation required for the condemnation of both the Permanent Easement and Temporary Construction Easements.

18. Having satisfied its obligation to pay just compensation for the Permanent Easement and the Temporary Construction Easements, the Court hereby finds that Transco should be vested with indefeasible legal title to those easements.

19. An appropriate Order will accompany this Memorandum Opinion.

                                                            /s/
                                               Henry E. Hudson
                                               United States District Judge

Date: Nov. 25, 2014
Richmond, Virginia